REQUESTED BY: Dear Senator Pirsch:
You have requested our opinion on whether section 3 of LB 262, currently before the Legislature, poses any constitutional problems due to the fact that section would limit the application of sections 83-1,107 and 83-1,107.01 to persons convicted of first degree murder. In our opinion, the provisions of section 3 of LB 262 here called into question would not violate a citizen's constitutionally protected rights.
Article IV, section 13, of the Constitution of the State of Nebraska states in part:
 "The Legislature shall provide by law for the establishment of a Board of Parole and the qualification of its members. Said board, or a majority thereof, shall have power to grant paroles after conviction and judgment, under such conditions as may be prescribed by law, for any offenses committed against the criminal laws of this state except treason and cases of impeachment. . . ." (Emphasis added.)
Thus, our Constitution grants the Legislature the right to establish criteria by which a person incarcerated in this state may become entitled to parole.
Section 3 of LB 262 would amend section 28-303 of our statutes which defines the offense of `murder in the first degree' and provides a penalty. The portion of section 3 of LB 262 relevant here states:
 ". . . The laws affecting both eligibility for release on parole and the date when an inmate's discharge from the custody of the state becomes mandatory pursuant to sections 83-1,107 and 83-1,107.01, Reissue Revised Statutes of Nebraska, 1943, shall not apply to reduce the sentence of a person convicted of first degree murder to less than thirty years, but shall otherwise be applicable."
The creation of penalties for criminal offenses is properly a part of the legislative function and the Legislature may, by specific language, exempt certain classes of individuals from the application of more general statutes.
Section 83-1,107 and 83-1,107.01 are applicable to all offenders committed to the Department of Correctional Services. Section 3 of LB 262 simply limits the applicability of those statutes in the instance of a particular class of offender. That class consists of offenders convicted of murder in the first degree.
The Legislature may properly distinguish between the treatment of particular classes of persons so long as the basis for the distinction is reasonable. In this instance, the basis for limiting the applicability of sections83-1,107 and 83-1,107.01 is the fact that the persons in question have been convicted of the offense of murder in the first degree. We do not believe that classification to be objectionable from a constitutional standpoint.